IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                          Case Nos.:   4:14cr65/MW/GRJ
                                          4:16cv442/MW/GRJ

DOROTHY JEAN BAILEY

---

## REPORT AND RECOMMENDATION

This matter is before the Court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 207), the Government's Response thereto (ECF No. 242); and the Government's Supplemental Response (ECF No. 251). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

# I.  BACKGROUND

On October 8, 2014, a grand jury returned a 21-count indictment

charging Petitioner and four co-defendants with crimes based on their

participation in a conspiracy to file fraudulent income tax returns and Social

Security claims using stolen Personal Identification Information (PII). (ECF

Nos. 1 & 2.)

On October 23, 2014, Petitioner appeared before the Court and was

arraigned on the charges. (ECF No. 39.) The Court appointed Assistant

Public Defender Randolph P. Murrell to represent Petitioner. (ECF No. 37.)

On December 1, 2014, Petitioner entered into a plea bargain agreement in

which she agreed to plead guilty to Counts One, Four, Eight, Fifteen,

Nineteen, and Twenty-One in exchange for the Government's promise to

dismiss the remaining counts. (ECF No. 75.)

Count One charged Petitioner with Conspiracy to Commit Wire

Fraud, in violation of Title 18, United States Code, Sections 1343 and 1349;

Counts Four and Eight charged Petitioner with Wire Fraud, in violation of

Title 18, United States Code, Section 1343; Counts Fifteen and Nineteen

charged Petitioner with Theft of Government Funds, Aiding and Abetting, in

Case Nos.: 4:14cr65/MW/GRJ-1; 4:16cv442/MW/GRJ

violation of Title 18, United States Code, Sections 641 and 2; and Count
Twenty-One charged Petitioner with Aggravated Identity Theft, Aiding and
Abetting, in violation of Title 18, United States Code, Sections 1028A(a)(1)
and 2. (ECF No. 1.) On December 1, 2014, Petitioner appeared before
United States District Judge Mark E. Walker for the purpose of considering
her entry of a guilty plea. (ECF No. 71.) Judge Walker accepted the plea
agreement and Petitioner's plea of guilty. *Id.*

The Final Presentence Investigation Report ("PSR") reflected that
Petitioner had a base offense level of 7. (ECF No. 144, PSR ¶ 52.) After
adjusting upward twenty-four levels based on Specific Offense
Characteristics, and adjusting downward three levels for acceptance of
responsibility, Petitioner had a total offense level of 28. *Id.* at ¶¶ 53-62.
Petitioner's criminal history category was III. *Id.* at ¶ 75. The applicable
Guidelines range was 97 to 121 months. *Id.* at ¶ 116. The Guidelines term
in Count One was 21 to 24 months, consecutive to Counts One, Four,
Eight, Fifteen, and Nineteen. *Id.*

On July 22, 2015, Judge Walker sentenced Petitioner to a total of 110
months' imprisonment; a three-year term of supervised release as to

Counts One, Four, Eight, Fifteen, and Nineteen, and a one-year term as to

Count Twenty-One, to run concurrently; restitution in the amount of

$475,402.01 jointly and severally with her co-defendants; and a $600

special monetary assessment. (ECF No. 192.)

Petitioner did not appeal to the Eleventh Circuit Court of Appeals. On

July 11, 2016, Petitioner filed the instant § 2255 Motion on a complaint form

with no accompanying memorandum. (ECF No. 207.) In her Motion,

Petitioner asserts the following grounds for relief:

1) Petitioner's counsel rendered ineffective assistance for failing to conduct an adequate pre-trial investigation by failing to research the applicable law in this case and interview witnesses;

2) Petitioner's counsel rendered ineffective assistance for filing only substantive pretrial motions on behalf of Petitioner;

3) Petitioner's counsel rendered ineffective assistance for failing to advise Petitioner of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial, as well as her maximum potential sentence;

4) Petitioner's counsel rendered ineffective assistance for failing to investigate Petitioner's characterization as "ring-leader" of the criminal enterprise, failing to challenge the Government's lack of evidence, and failing to put the Government's case to adversarial testing;

5) Petitioner's counsel rendered ineffective assistance for objecting to the PSR calculations and for only submitting evidence regarding the mitigation of Petitioner's sentence; and

6) Petitioner's counsel failed to file a "motion of appeal."

(ECF No. 207 at 4-5.) The Government filed a Response and Supplemental Response in which it argues that Petitioner's claims are bare and conclusory and insufficient to demonstrate ineffective assistance of counsel. (ECF Nos. 242 & 251.) The Government further submits that this Court should hold an evidentiary hearing to determine whether Petitioner's counsel provided ineffective assistance of counsel for failing to file a notice of appeal. (ECF No. 251 at 2.)

## II.  DISCUSSION

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.

*See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a Section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under Section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation

omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under Section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a Section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a Section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations

omitted). To show cause for procedural default, a defendant must show

that "some objective factor external to the defense prevented [him] or his

counsel from raising his claims on direct appeal and that this factor cannot

be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.

A meritorious claim of ineffective assistance of counsel can constitute

cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable

on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal. *Massaro v. United

States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694

F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257

n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of

ineffective assistance of counsel, a defendant must demonstrate both that

counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529

U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th

Cir. 2013). In applying *Strickland*, a court may dispose of an ineffective

assistance claim if a defendant fails to carry his burden on either of the two

prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d

1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th

Cir. 2000) ("[T]he court need not address the performance prong if the

defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court

must, with much deference, consider "whether counsel's assistance was

reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688;

*see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir.

2007). Reviewing courts are to examine counsel's performance in a highly

deferential manner and "must indulge a strong presumption that counsel's

conduct fell within the wide range of reasonable professional assistance."

*Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting

*Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d

1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness

of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir.

1989) (emphasizing that petitioner was "not entitled to error-free

representation"). Counsel's performance must be evaluated with a high

degree of deference and without the distorting effects of hindsight.

*Strickland*, 466 U.S. at 689. To show counsel's performance was

unreasonable, a defendant must establish that "no competent counsel

would have taken the action that his counsel did take." *Gordon v. United*

*States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to

be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218

F.3d at 1314. When reviewing the performance of an experienced trial

counsel, the presumption that counsel's conduct was reasonable is even

stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d

at 1316 n.18.

      With regard to the prejudice requirement, a defendant must establish

that, but for counsel's deficient performance, the outcome of the

proceeding would have been different. *Strickland*, 466 U.S. at 694. "The

likelihood of a different result must be substantial, not just conceivable."

*Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S.

at 693). For a court to focus merely on "outcome determination," however,

is insufficient; "[t]o set aside a conviction or sentence solely because the

outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles

and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's

belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that

amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

## B. Analysis

The law is clear that a § 2255 petitioner must provide factual support for her contentions regarding counsel's alleged ineffective assistance, and bare, conclusory, allegations of ineffective assistance do not satisfy the *Strickland* test. For the following reasons, Petitioner's allegations are insufficient to warrant relief.

In Ground One, although Petitioner alleges her attorney failed to conduct an adequate pre-trial investigation, she fails to specifically allege what her attorney should have done to properly investigate, why no reasonable lawyer would have done what Petitioner's counsel did, what the pre-trial investigation would have uncovered, or how it would have changed the outcome of this case.

In Ground Two, Petitioner alleges her counsel "file[d] only substantive pre-trial motions on behalf of [Petitioner]." (ECF No. 207.) To the extent Petitioner alleges that counsel should have filed other pre-trial motions,

Petitioner fails to allege what pre-trial motions her attorney should have filed, why no reasonable attorney would have decided not to file such motions, or how the filing of such motions would have changed the outcome of this case.[1]

In Ground Three, Petitioner alleges her counsel failed to properly advise her of the "relevant circumstances and likely consequences of pleading guilty as opposed to proceeding at trial, as well as her maximum potential sentence she may face if convicted at trial." (ECF No. 207 at 4.) Petitioner provides no additional details as to what, if anything, her attorney told her about pleading guilty as opposed to going to trial. Petitioner also does not allege that if she were informed of the consequences, she would have declined to plead guilty and would have instead insisted upon proceeding to trial.

Moreover, although the plea hearing transcript is not in the record,

---

[1] Petitioner has also waived Grounds One and Two. Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings, including claims of ineffective assistance of counsel unrelated to the entry of the guilty plea. *See e.g., United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Hutchens v. Sec'y, Dep't of Corr.*, 273 F. App'x 777, 778 (11th Cir. 2008). Petitioner has not demonstrated that her plea was involuntary. Accordingly, Grounds One and Two are waived.

the plea agreement signed by both Petitioner and her attorney states

Petitioner's maximum sentence as to each count to which Petitioner

pleaded guilty. Further, the minutes from the plea hearing evdience that the

Court advised Petitioner of her maximum sentence and the nature and

consequences of her plea. To the extent Petitioner claims her plea was

involuntary or intelligently made due to the ineffective assistance of

counsel, Petitioner's claim is belied by the record.

In Ground Four, Petitioner alleges counsel was ineffective for failing

to investigate her characterization as the "ring-leader," failing to challenge

the Government's lack of evidence, and failing to put the Government's

case to adversarial testing. Again, however, Petitioner fails to allege what

investigation her attorney should have performed, why no reasonable

lawyer would have decided to forego such an investigation, what the

investigation would have uncovered, or how it would have changed the

result of the proceeding.

In Ground Five, Petitioner alleges her counsel was ineffective at

sentencing for failing to object to the PSR and for submitting only evidence

in mitigation of Petitioner's sentence. However, the record reveals

Case Nos.: 4:14cr65/MW/GRJ-1; 4:16cv442/MW/GRJ

Petitioner's counsel did object to the PSR, specifically, to the offense level computation and sentencing options. (ECF No. 144 at 32-33.) The record further reveals counsel filed a Sentencing Memorandum seeking a reasonable sentence for Petitioner. (ECF No. 189.) Petitioner fails to allege the additional grounds upon which counsel should have but failed to object, why no reasonable lawyer would have decided against making further objections, or in what way additional objections would have affected the sentence Petitioner received.

In her final ground for relief, Petitioner alleges her counsel was ineffective for failing to "[f]ile a motion of appeal which deprived [Petitioner] of effective assistance of sentencing counsel[,] a fair and just sentence[,] and a fair and meaningful appellate review." (ECF No. 207 at 5.) Although under certain circumstances a § 2255 petitioner's allegation that her attorney failed to file a notice of appeal upon her request can warrant an evidentiary hearing, no such hearing is necessary here. Petitioner does not provide any specifics as to what, if anything, she communicated to her attorney regarding an appeal. Critically here, Petitioner fails to allege she ever requested counsel to file an appeal. In the absence of any facts (i.e.

Case Nos.: 4:14cr65/MW/GRJ-1; 4:16cv442/MW/GRJ

when, what, where) concerning an instruction to file an appeal--- or even an affirmative representation that she instructed her lawyer to file an appeal and he did not---an evidentiary hearing would add nothing to the Court's assessment of this claim. Evidentiary hearings in the context of a claim that counsel failed to file an appeal when specifically instructed to do so, may be warranted so that the Court can weigh conflicting facts. But, where, as here, there are absolutely no facts offered to support the claim, the Court does not need to conduct an evidentiary hearing because there are no conflicting facts to assess.

Petitioner's skeletal allegations are insufficient to demonstrate that counsel was constitutionally ineffective under the standard set forth in *Strickland.* As such, Petitioner's Motion is due to be denied.

### C. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove she is entitled to relief. Petitioner has failed to do so here. Accordingly, her request for an evidentiary hearing is denied.

Case Nos.: 4:14cr65/MW/GRJ-1; 4:16cv442/MW/GRJ

## III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown that she is entitled to § 2255 relief. Nor has she shown that an evidentiary hearing is warranted. Therefore, Petitioner's Motion should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 4:14cr65/MW/GRJ-1; 4:16cv442/MW/GRJ

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 207) should be **DENIED**.

2.    A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 26th day of March, 2018.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy</u>**

Case Nos.: 4:14cr65/MW/GRJ-1; 4:16cv442/MW/GRJ

**of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.